UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD D. SLOAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CAN-CAL RESOURCES, LTD., et al., <br><br> Defendants. | 2:14-cv-01164-RFB-NJK <br><br> ORDER <br> (Docket No. 14) |

Before the Court is Plaintiffs' Motion for Ruling Regarding Bond Necessary to Satisfy NRS 18.130. Docket No. 14. To date, no response has been filed. *See* Docket. The Court has considered Plaintiffs' motion, Docket No. 14, and finds this motion is properly resolved without oral argument. *See* Local Rule 78-2.

**DISCUSSION**

LR 7–2 provides that, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7–2(d). Defendants have not filed any opposition and, therefore, the Court concludes that Defendants consent to the granting of Plaintiffs' Motion.

The Ninth Circuit recognizes that "federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Associates v. Ramada Hotel Operating Co.,* 37 F.3d 573, 574 (9th Cir.1994). "A federal district court typically follows the forum state's practice, particularly when a party is a non-resident." *Martinez v. Creative Concepts, Inc*, 2012 WL 4490946,

*7 (D. Nev. Sept. 27, 2012) (denying request to require plaintiff to post a security bond). Nevada permits the payment of security pursuant to Nevada Revised Statute 18.130 (2013).

It is the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS 18.130 in diversity actions. *Feagins v. Trump Org.*, 2012 WL 925027, *1 (D. Nev. Mar. 19, 2012); *citing Hamar v. Hyatt Corp.,* 98 F.R.D. 305, 305–306 (D.Nev.1983); *Arrambide v. St. Mary's Hosp., Inc.,* 647 F.Supp. 1148, 1149 (D.Nev.1986). However, this case is not a diversity action. On July 16, 2014, Defendants removed the instant case to federal court based on federal question jurisdiction. *See* Docket No. 1. Defendants "removed this case under the provisions of 28 U.S.C. § 1331 based upon the assertions of federal questions of law, including alleged violations of the Securities Exchange Act of 1934 and the Sarbanes-Oxley Act of 2002." Docket No. 6, at 2. Accordingly, Plaintiffs' motion is **GRANTED**.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Plaintiffs' Motion for Ruling Regarding Bond Necessary to Satisfy NRS 18.130 (Docket No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are not required to post a bond in accordance with NRS 18.130.

DATED: September 11, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge